UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
CHRISTOPHER R. VOLPER,

              Plaintiff,             **MEMORANDUM AND ORDER**
                                       Case No.: 2:20-cv-06193-FB

    -against-

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
-----------------------------------------------x

Appearances:

*For the Plaintiff*:                 *For the Defendant*:
EDDY PIERRE PIERRE, ESQ.      BREON PEACE
PIERRE PIERRE LAW, P.C.        United States Attorney
211 East 43rd Street, Suite 608   By: SCOTT C. ACKERMAN
New York, New York 10017       Special Assistant U.S. Attorney
                                Eastern District of New York
                                601 East 12TH ST., Room 965
                                Kansas City, MO 64106-2898

**BLOCK, Senior District Judge:**

    Christopher R. Volper ("Volper") appeals the Commissioner of Social Security's ("Commissioner") final decision denying his application for Social Security Disability ("SSD") benefits. For the following reasons, Volper's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

## I.

On December 20, 2017, Volper applied for disability insurance benefits. He alleged disability as of November 22, 2016 due to small fiber neuropathy in the lower legs, cervical radiculopathy, gait disorder, cervicalgia, and cervical vertigo. An administrative law judge ("ALJ") held a hearing and found Volper not disabled on March 10, 2020. In November of the same year, the Appeals Council denied Volper's request for review and the ALJ's decision became the final decision of the Commissioner. This action followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

Remand is warranted here because the ALJ's decision was not supported by substantial evidence. An ALJ is not permitted to substitute his or her own judgment of a claimant's condition for that of a medical professional. *See Balsamo v. Chater*,

142 F.3d 75, 91 (2d Cir. 1998) ("[I]t is well-settled that 'the ALJ cannot arbitrarily substitute his own judgment for a competent medical opinion... [H]e is not free to set his own expertise against that of a physician...") (citing *McBrayer v. Sec'y of HHS.*, 712 F.2d 795, 799 (2d Cir. 1983)). Furthermore, an ALJ is not permitted to assess whether objective findings reflect a physician's opinion. See *Cira v. Comm'r of Soc. Sec.*, 2017 WL 4339480, *9, 2017 U.S. Dist. LEXIS 160991, *25 (E.D.N.Y. Sept. 29, 2017) (quoting *Peed v. Sullivan*, 778 F.Supp. 1241, 1246 (E.D.N.Y. 1991) ("An ALJ cannot simply "secure raw data from the treating physician" to make his or her own disability decision.")).

The ALJ found the opinion of Volper's treating physician, neurologist Laura Schoenberg, M.D. ("Dr. Schoenberg"), not persuasive. After approximately eighteen months of treating Volper, Dr. Schoenberg opined that he was "totally disabled." A.R. 416. Despite this, the ALJ did not credit Dr. Schoenberg's opinion, citing Volper's ability to "walk on heels/ toes, [his] normal gait/station and full squat." A.R. 23. In discounting Dr. Schoenberg's finding of disability, the ALJ committed legal error by isolating raw medical data and using it to support a finding of non-disability. The ALJ also impermissibly used such objective findings to assess the validity of a physician's opinion. In doing so, the ALJ substituted his own layperson's opinion in place of a medically accredited physician's, reaching a conclusion which was not supported by substantial evidence.

The ALJ again wrongly substituted his own opinion for that of a medical professional's when he found that the treatment prescribed to Volper was "conservative." A.R. 26. The ALJ stated that "the record shows that the claimant's treatment was ongoing but generally more conservative for his alleged conditions and did not require any surgical intervention." *Id.* However, the record neither suggests that Volper's doctors recommended a more aggressive plan nor that the ultimate treatment methods pursued were inappropriate for his conditions. By discounting Volper's reported symptoms with his assertion that treatment was conservative, the ALJ erred by coming to his own medical conclusion. *See Hamm v. Colvin*, No. 16 Civ. 936, 2017 WL 1322203, at *25 (S.D.N.Y. Mar. 29, 2017) (holding that the ALJ erred in finding plaintiff's treatment "conservative" where "the ALJ has pointed to nothing in the record to suggest that Plaintiff was an eligible candidate for more aggressive medical treatment, such as surgery").

The ALJ further discounted Volper's symptoms by pointing out his daily activities, such as shopping, showering, and taking his kids to school. However, the ALJ failed to mention that Volper testified to performing these activities with great difficulty, and that his wife ultimately performs most of the chores mentioned. Furthermore, such evidence of participating in daily activities simply does not support a conclusion that Volper is not disabled and that he can perform full time work. *See Murdaugh v. Sec. of Dep't of HHS of U.S.*, 837 F.2d 99, 102 (2d Cir 1988)

4

(merely because the plaintiff "waters his landlady's garden, occasionally visits friends and is able to get on and off an examination table can scarcely be said to controvert the medical evidence" in proving a disability). Rather, there is no aspect inherent to these activities that would show that Volper can complete the duties required to maintain employment. *See also Polidoro v. Apfe*l, 1999 WL 203350, at *8 (S.D.N.Y. April 12, 1999) ("A claimant's participation in the activities of daily living will not rebut his or her subjective statements of pain or impairment unless there is proof that the claimant engaged in those activities for sustained periods of time comparable to those required to hold a ... job.").

In sum, the ALJ comes to a verdict that is not based on substantial evidence. Rather, his conclusion is based on his own assessment of Volper's disability. In reaching this conclusion, he impermissibly replaced the recommendations of accredited medical physicians with his own layperson's assessment. This is error and requires remand.

## III.

For the aforementioned reasons, Volper's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED.**

    /S/ Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 14, 2022

6