UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTOPHER R. VOLPER,

Plaintiff,

-against-

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.

**MEMORANDUM AND ORDER**
Case No. 2:20-cv-06193-FB

*Appearances:*

*For the Plaintiff:*
EDDY PIERRE PIERRE, ESQ.
PIERRE PIERRE LAW, P.C.
15 Park Pl.
Bronxville, NY 10708

*For the Defendants:*
JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
By: Hugh Dun Rappaport
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Eddy Pierre Pierre, counsel for Christopher R. Volper, moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("§ 406(b)"). Though the Commissioner of Social Security ("Commissioner") does not object to the motion, the Court must determine whether the amount of fees requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002).

Volper filed suit in this Court challenging the Commissioner's decision to reject his application for disability insurance benefits under the Social Security Act. Dkt. 1. Volper retained Pierre Pierre and entered a contingency fee arrangement with him, whereby they agreed that Pierre Pierre's fee would be 25% of retrospective benefits payable to Plaintiff, offset by fee awards pursuant to the Equal Access to Justice Act ("EAJA"). Dkt. 29. On October 14, 2022, the

Court granted Volper's motion for judgment on the pleadings and remanded his case to the Social Security Administration for rehearing. Dkt. 19. On July 15, 2026, upon rehearing, an Administrative Law Judge found Volper disabled and thus entitled to benefits. Dkt. 29, ¶ 10.

Pursuant to the EAJA, Plaintiff's counsel was awarded $8,547.21 in fees. *Id.*, ¶ 11. After much of this amount was applied to satisfy Plaintiff's tax debts, counsel ultimately received $2,855.61. *Id.*, Ex. B. On August 3, 2026, the Social Security Administration issued a Notice of Award, setting forth the benefits payable to Volper and withholding 25% of Plaintiff's retroactive benefits—a total of $79,840.48—for attorney's fees. *Id.*, Ex. B. Plaintiff's counsel moved for award of fees on August 17, 2026.

§ 406(b)(1)(A) allows the Court to approve a "reasonable fee … not in excess of 25 percent of the total of the past-due benefits[.]" When a contingency agreement is involved, like here, the Second Circuit has instructed courts to 1) determine whether the contingency percentage is within the 25% cap, 2) whether there has been fraud or overreaching in making the agreement, and 3) whether the requested amount is so large as to be a windfall to the attorney. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)). Under the "windfall" prong, courts consider 1) the ability and expertise of the lawyers, 2) the nature and length of the professional relationship with Plaintiff, 3) the satisfaction of the Plaintiff, and 4) the uncertainty of the award of benefits and effort it took to achieve that result. *Id.* at 854-855. In doing so, the Second Circuit noted that "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854.

Here, the retainer agreement between Volper and Pierre Pierre provides for a 25% contingency fee, within the legal limit. Dkt. 29, Ex. A. The Court finds no evidence of fraud or overreaching. Thus, the only question is whether the $79,840.48 fee constitutes a windfall.

Having considered the above factors, the Court finds that the $79,840.48 fee is not a windfall. Considering that Pierre Pierre's firm has worked on the case for 44.64 hours, an effective hourly rate of $1,788.54 is within the range other courts in the circuit have found reasonable. *See Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (collecting cases).

Courts order refund of EAJA award to Plaintiff once Plaintiff's counsel succeeds in an award of fees under § 406(b). *See Munoz*, 2023 WL 5310742, at *3.

Accordingly, Plaintiff's motion for attorney's fees in the amount of $79,840.48 is granted. Plaintiff's counsel is ordered to refund $2,855.61 to Plaintiff upon receipt of these funds.

**SO ORDERED.**

_/S/ Frederic Block___________
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 11, 2026